IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELPING HAND CAREGIVERS LTD., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                    Plaintiff,<br><br>      v.<br><br>DARDEN RESTAURANTS, INC., a Florida corporation, MID WILSHIRE CONSULTING, INC. d/b/a SOCIAL WELLNESS, a California corporation, BRIAN J. KANG, an individual, and JOHN DOES 1-12,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, Helping Hand Caregivers Ltd. ("Plaintiff"), an Illinois corporation,

brings this action on behalf of itself and all other persons similarly situated,

through its attorneys, and except as to those allegations pertaining to Plaintiff or its

attorneys, which allegations are based upon personal knowledge, alleges the

following upon information and belief against Defendants, Darden Restaurants, Inc.

("Darden"), a Florida corporation, Mid Wilshire Consulting, Inc. d/b/a Social

Wellness, a California corporation ("Social Wellness"), Brian J. Kang ("Kang"), an

individual, and John Does 1-12, (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.      This case seeks statutory damages and injunctive relief arising out of

unsolicited advertisements sent by fax.

2.      Defendants sent advertisements by fax to promote catered seminars about "wellness" in the workplace, including the fax attached as *Exhibit A* for a "Lunch N Learn" seminar."

3.      The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits a person from sending an advertisement by fax without the recipient's prior express invitation or permission.

4.      The TCPA requires that a fax advertisement must include an opt-out notice with particular content clearly and conspicuously displayed on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5.      The TCPA provides a private right of action and provides statutory damages of $500 per violation. If the Court finds the advertisement was sent knowingly or willfully, then the Court can treble the damages.

6.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act.

7.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

8.      Plaintiff is an Illinois corporation with its principal place of business in Lake County, Illinois.

9. Defendant Darden Restaurants, Inc. is a Florida corporation with its principal place of business in Orange County, Florida.

10. Defendant Mid Wilshire Consulting, Inc. d/b/a Social Wellness is a California Corporation with its principle place of business in Los Angeles County, California.

11. On information and belief, Defendant Brian J. Kang is a resident of Santa Clara County, California.

12. Plaintiff included Defendants John Does 1-12 as it is not clear whether any entities or persons other than Darden, Social Wellness, and Kang actively participated in the transmission of the subject fax advertisements, or benefitted from the transmissions.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

14. Venue is proper in the Northern District of Illinois because Defendants committed a statutory tort within this district and a significant portion of the events took place here.

FACTS

15. On October 31, 2014, Plaintiff received an unsolicited advertisement by fax. A true and correct copy is attached as Exhibit A.

16. Exhibit A is a one-page fax advertising a seminar to be hosted by Social Wellness in collaboration with Olive Garden, a national restaurant brand owned by Darden.

17.     Exhibit A states, "Social Wellness is teaming up with Olive Garden to help jump start your employees towards a healthier lifestyle" and the document advertises a "complimentary catered lunch from Olive Garden," including "our soup of the day," as well as a "30-45 minute Wellness Presentation on Stress & Nutrition by one of our Healthcare Professional Speakers."

18.     Exhibit A promotes the commercial availability of goods, products or services, including food and catering available from Olive Garden. Id.

19.     Social Wellness's website currently states, "Social Wellness has teamed up with Olive Garden to help jump start your employees towards a healthier lifestyle." www.socialwellnesstalks.com (visited 12/16/2014). And, "Sign up for a FREE company catered lunch from Olive Garden! (Lunch includes a fresh garden salad, warm bread sticks, and our soup of the day – all utensils included)." Id.

20.     Defendants sent Exhibit A (and substantially similar documents) by fax to Plaintiff and a class of similarly-situated persons without their prior express invitation or permission or without the opt-out notice required by the TCPA.

21.     Upon information and belief, Kang actively participated in the scheme to send the subject unsolicited fax advertisement to persons without first obtaining their express permission in that he drafted the subject fax, actively participated in determining where the subject fax would go, and actively participated in transmitting the subject fax.

22.     Plaintiff did not expressly invite or permit anyone to send Exhibit A to Plaintiff's fax machine.

4

23.     The fax contained within Exhibit A does not contain a clear and conspicuous opt-out notice as required by federal law. Additionally, Exhibit A did not include information that failure by Defendants to comply with an opt-out request within 30 days is unlawful as required by the TCPA. Id. Moreover, the opt-out notice did not contain a domestic toll free facsimile number as required by the TCPA. Id.

24.     On information and belief, Defendants sent the same facsimile to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. This allegation is based, in part, on the fact that Exhibit A is a form document not addressed to any particular person, Plaintiff never gave permission to anyone to send the subject fax advertisement to it, that Defendants are located in California and Florida while Plaintiff is located in Illinois, and that advertising by fax can be accomplished very inexpensively to reach a wide audience.

25.     There is no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

26.     Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of the Class, initially defined as follows:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability of property, goods, or services offered by "Olive Garden" and "Social Wellness" that did not contain an opt-out

notice that complied with federal law.

27.     Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

28.     This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

29.     **Numerosity/Impracticality of Joinder**: On information and belief, the Class consists of more than thirty-nine people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties.

30.     **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be

6

determined without reference to the individual circumstances of any Class member,

include, but are not limited to the following:

       a.      Whether Defendants sent advertisements by fax;

       b.      Whether the fax contained in Exhibit A advertised the

commercial availability of property, goods or services;

       c.      The manner and method Defendants used to compile or obtain

the lists of fax numbers to which they sent the fax contained in Exhibit A and

other unsolicited fax advertisements;

       d.      Whether Defendants faxed advertisements without first

obtaining the recipients' express permission or invitation;

       e.      Whether Defendants' facsimiles included an opt-out notice that

complied with the TCPA;

       f.      Whether Defendants are jointly and severally liable for the

alleged TCPA violations;

       g.      Whether Plaintiff and the other Class members are entitled to

statutory damages;

       h.      Whether the Court should award trebled damages;

       i.      Whether Defendants should be enjoined from faxing

advertisements in the future;

       j.      Whether Defendants' conduct as alleged herein was an unfair

practice under ICFA as directed against Illinois residents.

31.    **Typicality of claims:** Plaintiff's claims are typical of the claims of the

Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Class are all individuals who received unsolicited fax advertisements from Defendants that also did not contain an opt-out notice pursuant to the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

32.     **Adequacy of Representation**: Plaintiff is an adequate representative of the Class because its interests do not conflict with the interest of the members of the Class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interest of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

33.     **Prosecution of Separate Claims Would Yield Inconsistent Results**: Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when Class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

34.     **A Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate**: A class action is superior to other

available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

COUNT I
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

35.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36.     Plaintiff brings Count I on behalf of itself and a class of similarly situated persons.

37.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

38.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

9

39.     The TCPA provides:

> 3.     <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)     Both such actions.

40.     In relevant part, the TCPA states that "[t]he Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47. U.S.C. § 227 (b) (2) (D) (i).

41.     Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful . . ." 47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be 30 days. 47 C.F.R. §

64.1200 (a) (4) (iii) (B).

42.     The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice . . ." 47 U.S.C. § 227 (b) (2) (D) (iv).

43.     Moreover, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227 (b) (2) (D) (v).

44.     Facsimile advertising imposes burdens on unwilling recipients that are distinct from the burden imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the senders fail to enable the recipients with the appropriate information to stop the burden imposed by this form of advertisement.

45.     Defendants violated 47 U.S.C. § 227 et seq. by sending an advertisement by fax (Exhibit A) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission.

46.     Defendants violated 47 U.S.C. § 227 et seq. by not providing a clear and conspicuous opt-out notice. Exhibit A. Additionally, it is not clear whether

Defendants provided a toll-free telephone number that allowed Plaintiff and the Class members to make an opt-out request at any time on any day of the week.

47.     Defendants violated 47 U.S.C. § 227 et seq. by not including an opt-out notice stating that Defendants were to comply with any opt-out request within 30 days, or their conduct would be considered unlawful. Furthermore, Defendants violated 47 U.S.C. § 227 et seq. by not including a domestic facsimile number for the recipients to make an opt-out request. Exhibit A.

48.     The TCPA is a strict liability statute. Defendants are liable to Plaintiff and the other Class members even if Defendants' actions were negligent.

49.     The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful. 47 U.S.C. § 227.

50.     Moreover, Defendants are liable to Plaintiff and the other Class members under the TCPA for not including an opt-out notice even if Defendants ultimately prove they had an established business relationship with Plaintiff or some other member of the Class.

51.     Defendants knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Exhibit A is an advertisement, and that Exhibit A did not display opt-out notices as required by the TCPA.

52.     Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and

toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the Class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other Class members from the sending of Exhibit A occurred outside Defendants' premises.

53.     Even if Defendants did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, Defendants are liable to Plaintiff and the other Class members because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court treble the statutory damages if it finds the violations

were knowing or willful;

D.      That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

E.      That the Court award costs and such further relief as the Court deems just and proper under the circumstances.

**COUNT II**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/2**

54.     Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

55.     Plaintiff brings Count II on behalf of itself and an Illinois class of similarly situated persons pursuant to 815 ILCS 505/2, et seq. (the "ICFA").

56.     Defendants violated the unfairness predicate of the ICFA by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which in the aggregate caused substantial injury to hundreds of persons.

57.     Defendants' unsolicited fax advertisements are an unfair practice, because they violates public policy, and because they forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' conduct effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

58.     Defendants' misconduct damaged Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their valuable time.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorneys' fees and costs; and

D.     That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers.

Respectfully submitted,

HELPING HAND CAREGIVERS,
LTD., an Illinois corporation,
individually and as the representative
of a class of similarly-situated persons,


By:     /s/ Phillip A. Bock

Phillip A. Bock
James M. Smith
Christopher P.T. Tourek
BOCK & HATCH, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500