# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

HELPING HAND CAREGIVERS, LTD,
an Illinois corporation, individually and as
the representative of a class of similarly-
situated persons,

                Plaintiff,

v.

DARDEN RESTAURANTS, INC., a
Florida corporation, MID WILSHIRE
CONSULTING, INC. d/b/a SOCIAL
WELLNESS, a California corporation,
BRIAN J. KANG, an individual, and
JOHN DOES 1-12,

                Defendants.

Case No.  1:14-cv-10127

Judge Manish S. Shah

## DEFENDANT DARDEN RESTAURANTS INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, DARDEN RESTAURANTS, INC. ("Darden"), by its attorneys, Seyfarth

Shaw LLP, respectfully submits this Memorandum in Support of its Motion to Dismiss

Plaintiff's Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure

12(b)(6).  In support of its motion, Darden states as follows:

### INTRODUCTION

On December 17, 2014, Plaintiff filed a two-count Complaint against Darden, as well as

two other named defendants, Mid Wilshire Consulting Inc. d/b/a Social Wellness ("Social

Wellness") and Brian J. Kang, the alleged owner of Social Wellness ("Kang").   Plaintiff

purports to bring the claims on behalf of itself and a putative class, alleging violations of the

Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA") and the Illinois Consumer

Fraud Act ("ICFA") for a single fax it received on October 31, 2014.  The fax attached to the

Complaint consists of a one-page invitation to a free "Lunch n' Learn" hosted by Social Wellness.

Despite the fax clearly identifying Social Wellness as host of the event, the contact information belonging to the Social Wellness, and the facsimile number from which the fax was sent belonging to Social Wellness, Plaintiff included Darden, owner of the Olive Garden brand, as a Defendant, apparently because Social Wellness was serving Olive Garden food at the event. Plaintiff's inclusion of Darden borders on frivolous. First, Plaintiff alleges no facts to support the contention that Darden had any role in sending the fax. Rather, Plaintiff only makes conclusory and unsubstantiated allegations, apparently based upon Social Wellness' use of the words "teaming up with", that Darden somehow was associated with the facsimile. Had Plaintiff conducted <u>any</u> investigation, as it was required to do under Federal Rules, it would have learned that Social Wellness has previously been sued for improperly associating itself with restaurants, which is precisely what it has done here. (*See Doctor's Associates, Inc. v. Brian King, et.al,* case no. 3;13-cv-1679-JCH, pending in the District of Connecticut).[1] Moreover, even if Darden was somehow associated with the facsimile (which it was not), Plaintiff's TCPA claim fails for the additional reason that the fax sent is nothing more than an invitation by Social Wellness to attend a free informational session about wellness in the workplace, which does not constitute an unsolicited advertisement under the TCPA.

Plaintiff's ICFA claim against Darden fails for similar reasons. First, Plaintiff's Complaint fails entirely to allege that Darden was responsible for or received any benefit from the fax at issue being sent. Without allegations that Darden committed the alleged unfair practice, Plaintiff's ICFA claim fails. Again, even assuming that Darden was aware that these

---

[1] A Court may take judicial notice of public court filings when considering a motion to dismiss. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

facsimiles were going out (which it was not), Plaintiff's ICFA claim against Darden also fails under the sound logic of sister courts in this District that an ICFA claim that accompanies a TCPA claim should fail because a single fax that causes *de minimus*, if any, damages does not warrant a finding of liability under the ICFA.

Plaintiff not only fails to allege sufficient facts in the current Complaint to support its claims against Darden, but any investigation by Plaintiff would have revealed (and would reveal) that Darden had no role in the sending of these facsimiles. Indeed, Olive Garden is not "teamed up with" with Social Wellness for this or any other project and had no involvement or even awareness of the fax at issue until the filing of this lawsuit. Darden thus respectfully moves the Court for an order dismissing the counts against it (Count I and II) with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to adequately state a claim.

## BACKGROUND FACTS

On October 31, 2014, Plaintiff allegedly received a single-page fax inviting Plaintiff to a free "lunch n' learn" about wellness in the workplace hosted by Defendant Social Wellness. (Compl. ¶ 15). The fax stated that the event would be catered by Olive Garden and include a 30-45 minute Wellness Presentation on stress and nutrition. (*see* facsimile attached hereto as Exhibit A). The fax invited Plaintiff to contact Social Wellness to sign up for the free lunch, encouraging Plaintiff to call Social Wellness at the number listed, visit its website (www.socialwellnesstalks.com), or email them at info@socialwellnesstalks.com. (*Id.*) It further stated that "[a]ll scheduling must go through Social Wellness and not Olive Garden Italian Restaurants." (*Id.*) The fax number from which the fax originated belongs to Social Wellness. (Ex. A; *see also*, screenshot from Social Wellness website (2/20/2015) of contact information, attached here as Exhibit B). This is the only fax Plaintiff received from Social Wellness. Based

3

on this single fax, Plaintiff filed a class action lawsuit against Social Wellness, Darden, and Kang.

The Complaint alleges that Darden is a full service restaurant company that owns and operates the Olive Garden brand. (Compl. ¶16). Without any detail as to Darden's involvement in sending the fax, Plaintiff improperly lumps all defendants together, stating that "Defendants sent advertisements by fax to promote catered seminars about wellness in the workplace." (Comp. ¶ 2). *Robinson v. Morgan Stanley*, No. 06 C 5158, 2007 WL 2815839, *11 (N.D. Ill. September 24, 2007) (finding it improper for a pleading to lump defendants together and attribute misrepresentations to them as a group). A review of the Complaint reveals that Plaintiff pleads not a single allegation directed specifically at Darden. This is not surprising, as it is clear from the face of the facsimile that Darden had no role in sending the fax. Further, had Plaintiff conducted any investigation before filing this lawsuit, it would have discovered that Social Wellness has a propensity for infringing large-scale companies' logos for promoting its wellness programs. (*See Doctor's Associates Inc. v. Brian Kang, et al.*, 3:13-cv-1679).

Thus, without a single allegation directed at Darden, and with knowledge that the actual sender of the facsimile was, in fact, Social Wellness, Plaintiff nonetheless seeks to drag Darden into class action litigation, seeking to recover statutory damages of $500 under the TCPA, as well as to recover Plaintiff's "time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes." (Compl. ¶ 52).

## ARGUMENT

### I. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the Complaint to state a claim upon which relief may be granted. *See*, *e.g.*, *Lock Realty Corp. v. U.S. Health, LP*, No. 3:13 cv 994, 2014 WL 129323, *4 (N.D. Ind. Jan. 13, 2014). To survive a motion to dismiss under Rule

4

12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1960 (2007). This requirement cannot be satisfied with "labels and conclusions" or "a formulaic recitation of the elements." *Id*. Instead, a plaintiff must plead sufficient facts to support each element of each claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). And while a complaint must be construed in a light favorable to the plaintiff, and the court must accept all material facts alleged in the complaint as true, *see*, *e.g.*, *Jackson v. E.J. Branch Corp.,* 176 F.3d 971, 978 (7th Cir. 1999), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 29 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555). To be sure, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

Even taking all Plaintiff's vague allegations as to Darden as true, Plaintiff sets forth no specific allegations, as it must, that <u>Darden</u> did anything improper. First, it is clear from the face of the facsimile that Social Wellness, and not Darden, sent the facsimile. Further, even if Olive Garden was "teaming up with" Social Wellness for purposes of the "Lunch n' Learn" (which it was not), Plaintiff makes no allegations that Darden was responsible for, or even knew about, the fax. Both of Plaintiff's claims hinge on Darden's involvement with the fax; there is none, and Plaintiff pleads none. Consequently, Plaintiff's claims against Darden must be dismissed.

## II.      PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE TCPA

The TCPA prohibits the use of a fax machine to send unsolicited advertisements. 42 U.S.C. § 227(b)(1)(C). A cause of action for violation of the TCPA requires a plaintiff to establish that (1) the defendant used a telephone, facsimile machine, computer, or other device to send one or more faxes to the plaintiff's facsimile machine; (2) the faxes sent were advertisements; and (3) the plaintiff did not give prior express invitation or permission for

5

defendant to send the faxes. *Id.* As with any other claim, to adequately plead a violation under the TCPA, a plaintiff must allege facts, and the pleading standards under Rule 8 cannot be satisfied with "labels and conclusions" or "a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555; *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, *3-4 (N.D. Ill. Dec. 18, 2012) (dismissing TCPA claim where the plaintiff failed to state detail supporting the elements of TCPA). Plaintiff's conclusory and unsubstantiated claims against Darden fail to meet the pleading standard sufficient to allege a TCPA claim against it.

A.      **Plaintiff Fails to Adequately Allege that Darden was Responsible for the Fax**

Inherent in the requirements to state a TCPA claim is the obligation that a plaintiff plead and prove that the defendant was responsible for, or at the very least involved with, sending the unsolicited advertisement. The FCC defines a "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. 64.1200(f)(10). Plaintiff's TCPA claim must fail because the Complaint is devoid of any facts alleging that Darden was responsible for sending the fax at issue, that the facsimile was an advertisement, or that it was Darden advertising its goods or services. *Johansen,* 2012 WL 6590551, at *3. Indeed, it is clear from the allegations that Darden had no role in sending the facsimile and that no Darden goods or services are being advertised.

First, Plaintiff fails entirely to allege facts demonstrating that Darden was the sender of the fax. Nowhere in the Complaint does Plaintiff allege that Darden sent the fax, directed Social Wellness to send the fax, or hired a third party to send the fax. Indeed, it is clear from the face of the fax that it originated from Social Wellness as Social Wellness' fax number is identified at the top of the fax. (Ex. A and B). Plaintiff clearly perused Social Wellness' website and should have recognized the contact information on the website was identical to that provided in the fax.

(Compl. ¶ 19). Further, the fax itself demonstrates that Social Wellness is the "sender". The fax states that "Social Wellness is teaming up with Olive Garden" and that there will be a "complimentary lunch catered by Olive Garden." (*See* Ex. A). The fax goes on to state "[f]or more information and to schedule your company Lunch n' Learn contact Social Wellness" and includes an email address for Social Wellness and Social Wellness' website. (*Id.*) Moreover, Social Wellness includes an explicit statement that "all scheduling must go through Social Wellness and not Olive Garden Italian Restaurants." (*Id.*) Thus, the fax itself makes clear that Social Wellness, not Darden, sent the fax. Plaintiff admits as much in the Complaint quoting from Social Wellness', not Olive Garden's, website to further bolster its TCPA claim. (Compl. ¶ 19). Furthermore, had Plaintiff done its due diligence, as is required by the Federal Rules, a quick Google search of the phone number provided on the fax and the fax number from which the invitation originated would reveal that only Social Wellness' contact information was included. (Ex. B). In other words, there is nothing in the fax that suggests that the alleged advertisement came from or was sent for the benefit of Darden.

The court's decision in *Smith v. State Farm Mut. Auto Ins. Co.*, No. 13 C 2018, 1013 WL 5346460 (N.D. Ill. Sept. 23, 2013) is instructive on this point. In *Smith*, the plaintiff alleged that State Farm engaged Variable Marketing and that Variable Marketing, as State Farm's agent, made a call to plaintiff in violation of the TCPA. *Id.* at *1. The court dismissed the TCPA claim because plaintiff did not allege facts that "State Farm itself made the call, that State Farm engaged Variable Marketing's services, or that State Farm had any authority over Variable Marketing." *Id.* at *6. Here, Plaintiff's Complaint is, not surprisingly, even more deficient than that dismissed by the *Smith* Court. Plaintiff, here, does not allege that fax came from Darden or any of its agents, that Darden directed Social Wellness to send the fax on its behalf, or that Darden even knew the fax was being sent. Indeed, Olive Garden is not participating in the event

described in the fax and did not give Social Wellness permission to use its name, let alone direct it to send the facsimile.[2]  The TCPA claim against Darden is based on pure speculation and conjecture without any specific factual allegations sufficient to state a claim.  *See Johansen*, 2012 WL 6590551, at *3; *Smith*, 2013 WL 5346430, at *6.  Plaintiff has not pled, and will never, in good faith, be able to plead, that the fax came from Darden.  Darden, therefore, respectfully requests this Court dismiss the TCPA claim (Count I) against it, with prejudice.

**B.     Plaintiff Fails to Allege that the Fax at Issue Constitutes an Unsolicited Advertisement**

Even if Plaintiff could allege that Darden was somehow involved in sending the fax, which it cannot, Plaintiff fails to make sufficient allegations that the fax constitutes an unsolicited advertisement for purposes of a TCPA claim.  The term "unsolicited advertisement" is defined as "material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(5).

The fax at issue here does not promote any goods or services of either Social Wellness or Olive Garden.  Rather, the fax is merely an invitation to attend an informational session on wellness in the workplace, specifying that "there is no cost or any sales or solicitation."  (Ex. A).  Moreover, stating that "a complimentary catered lunch from Olive Garden" will be provided certainly does not provide any information as to the quality or availability of Olive Garden's services.  *See Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG, 2013 WL 4102201, *6 (S.D. Cal. Aug. 12, 2013) (finding that an unsolicited invitation to attend a webinar did not promote property, goods, or services and therefore, did not constitute an unsolicited advertisement).  For this additional reason, Plaintiff's TCPA claim against Darden should be dismissed.

---

[2] Attached hereto as Exhibit C is a copy of the cease and desist letter Darden sent to Social Wellness regarding use of its name and logo in the fax and on its website.

19033773v.1

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT

Much like its claim under the TCPA, Plaintiff sets forth no allegations in its ICFA claim that Darden, rather than Social Wellness, had any role in sending the facsimile. As such, Count II must also fail.

The ICFA prohibits "unfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce." 815 ILCS 505-2. To determine whether the alleged conduct is unfair, courts consider (1) whether the practice offends public policy, (2) whether it is immoral, unethical, oppressive, or scrupulous, and (3) whether it causes substantial injury to the consumers. *Id.* Plaintiff's Count II of the Complaint alleges that Darden violated the ICFA because Defendants' fax "violated public policy" and "forced Plaintiff to incur expense without any consideration of return." (Compl. ¶ 57). Such a conclusory argument, however, cannot serve the basis for an Illinois consumer fraud claim. *See Baldwin v. Star Scientific, Inc*. No. 14 C 588, 2015 WL 170407, *9 (N.D. Ill. Jan. 13, 2015) (holding that the plaintiff cannot lump all the defendants together when pleading his ICFA claim).

First, as described previously, Darden had nothing to do with Social Wellness' decision to send the fax at issue, and in fact, is not involved with the advertised lunch n' learn at all. It follows then, that Darden cannot be liable for violation of the ICFA because there is no "conduct" which could be considered unfair.

Second, Plaintiff's ICFA claim should be dismissed for the additional reason that the Complaint fails to state facts sufficient to support the elements of an ICFA claim. Illinois courts have consistently held that sending one fax is not oppressive or unscrupulous conduct such that a defendant can be liable for consumer fraud. *See Mussat v. Power Liens, LLC*, No. 13-cv-4853, 2014 WL 3610991, *3 (N.D. Ill. July 21, 2014) (dismissing plaintiff's ICFA claim because "a

9

single one page fax cannot be said to have burdened the plaintiff to an oppressive level");

*Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.,* 633 F. Supp. 2d 610, 616-17 (N.D. Ill. 2009) ("The improper use of one piece of paper, a small amount of toner and a few seconds of an employee's time is not oppressive conduct, nor does it fit within the definition of any other terms.")

Third, Plaintiff suffered no substantial injury sufficient to state an ICFA claim.  The only "harm" Plaintiff alleges is the "cost [of] Plaintiff's time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes."  (Compl. ¶ 52).  "A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers."  *Stonecrafters*, 633 F. Supp. 2d at 617 (finding the cost of receiving and printing a single page fax advertisement cannot be characterized as significant harm); *Mussat,* 2014 WL 3610991, at *3 (finding that a single fax does not cause anything more than "*de minimus* loss" and therefore cannot form the basis of an ICFA claim).  Certainly, the minimal time it took for Plaintiff to receive, review, and route this one page fax is not a "substantial injury" under the ICFA.  Consequently, Plaintiff has not, and cannot, state a claim for violation of the ICFA and Count II should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing bases, Darden Restaurants, Inc. respectfully requests that the Court enter an order dismissing the claims against it in the Class Action Complaint with prejudice pursuant to Rule 12(b)(6).

19033773v.1

DATED:  February 23, 2015

Jason P. Stiehl (jstiehl@seyfarth.com)
Kristine R. Argentine (kargentine@seyfarth.com)
Jordan P. Vick (jvick@seyfarth.com)
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

*Attorneys for Defendant,*
*DARDEN RESTAURANTS INC.*

Respectfully submitted,

DARDEN RESTAUARANTS, INC.,


By:  _/s/ Kristine R. Argentine_____

19033773v.1

## CERTIFICATE OF SERVICE

Kristine R. Argentine, an attorney, certifies that on February 23, 2015, she caused a true and correct copy of the foregoing **Defendant Darden Restaurants Inc.'s Memorandum in Support of its Motion to Dismiss Plaintiff's Class Action Complaint** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


_____/s/ Kristine R. Argentine_____
Kristine R. Argentine