THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HELPING HAND CAREGIVERS, LTD, <br><br> Plaintiff, <br><br> v. <br><br> DARDEN RESTAURANTS, INC., MID WILSHIRE CONSULTING, INC., BRIAN J. KANG, and GREG M. JONES, <br><br> Defendants. | Case No. 1:14-cv-10127 <br><br> Honorable Manish S. Shah |

**DEFENDANT DARDEN RESTAURANTS, INC.'S REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Although Plaintiff attempts to muddy the water, the issue presented in Darden's Motion for Summary Judgment is clear: was Social Wellness acting as Darden's agent in transmitting the fax at issue under standard agency rules as mandated by the controlling Seventh Circuit precedent of *Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 937 (7th Cir. 2016).[1] As Darden and Social Wellness **never discussed faxing**, the answer is a resounding "no," Social Wellness was not Darden's agent in sending the fax.

The undisputed facts demonstrate that Social Wellness, without Darden's knowledge, approval, or control, went on a rogue course of unilaterally selecting the content of the flyer (consisting of pictures taken from the internet and not shown to or approved by Darden), the recipients of the flyer (complied using Google or by buying "a list off of Craigslist from some lady"), and the medium of transmitting the flyer (faxing when Social Wellness only discussed

---

[1] Plaintiff (who is represented by the same counsel as the plaintiff in *Bridgeview*) notes in its opposition that a petition for writ of certiorari was filed in *Bridgeview*. (DE #85, 2). On October 3, 2016, however, the United States Supreme Court denied the petition for writ of certiorari. *Bridgeview* is accordingly binding and controlling authority.

emailing). Summary judgment on the existence of an agency relationship is appropriate when the plaintiff fails to meet its burden in presenting sufficient facts to show that a genuine issue of material fact exists with respect to the agency issue, such that the undisputed facts lead to only one reasonable inference. *Spitz v. Proven Winners N.A., LLC*, 759 F.3d 724, 731-32 (7th Cir. 2014) (affirming grant of summary judgment that no agency relationship existed). As Plaintiff fails to identify evidence of any agency relationship between Darden and Social Wellness, let alone authority of any kind from Darden for Social Wellness to transmit the fax at issue as its agent, summary judgment should be granted in Darden's favor.

## ARGUMENT

### I. PLAINTIFF ADMITS THAT SOCIAL WELLNESS NEVER DISCUSSED FAXING AND ONLY DISCUSSED EMAILING WARRANTING SUMMARY JUDGMENT

By way of its Response to Darden's Statement of Material Facts (DE #83), Plaintiff admits the following facts that mandate summary judgment in Darden's favor:

- Jones described Social Wellness' proposed plan as sending **emails** in a test area to see if there would be interest in Social Wellness' program (DE #83, ¶22);[2]

- "Plaintiff admits that Jones testified that the only specific advertising medium [Jones] discussed during the several months of discussions with Darden was **email** marketing" (*id.* at ¶35);

- During the course of all conversations with Darden, Jones **never once discussed the sending of faxes** (*id.* at ¶27);

---

[2] While Helping Hand attempts to deny facts by stating "Momot and Sanchez may have contrary testimony that would create a dispute of material fact," such a denial is improper. *See Ammons v. Cook Cty. of Illinois*, No. 11 CV 5010, 2014 WL 4116956, at *3 n.5 (N.D. Ill. Aug. 20, 2014) (Shah, J.) (holding that where a party fails to provide evidentiary support for a denial to a Local Rule 56.1 statement of fact, it "converts [the] would be denial into an admission."). Accordingly, the following facts are admitted for failure to provide evidentiary support for the denial: DE #83, ¶¶10, 11, 18, 27, 35, and 36.

- Jones **never discussed faxing** with anyone at Darden (*id.* at ¶35);

- No one at Darden **ever** told or wrote Jones that Social Wellness could fax anything on its behalf (*id.* at ¶¶36-37);

- Darden never entered into any sort of contractual relationship with Social Wellness, including a non-disclosure agreement, a master services agreement, a licensing agreement, or a statement of work (*id.* at ¶¶38-42);

- Darden never paid any money to Social Wellness and Social Wellness never paid any money to Darden (*id.* at ¶¶43-44);

- Darden **never saw the fax at issue** outside the context of this litigation (*id.* at ¶46);

- The fax at issue was created by someone Kang and Jones found on Craigslist using Photoshop (*id.* at ¶50);

- Social Wellness obtained the Olive Garden logo used in the fax at issue from the internet and Social Wellness obtained the picture of food used in the fax at issue from Google or "like one of those website companies where you can buy pictures (*id.* at ¶¶51-52);

- Social Wellness gathered the fax numbers either by using Google or by buying "a list off of Craigslist from some lady" (*id.* at ¶54).³

---

³ Furthermore, as fully set forth in the response to Plaintiff's Statement of Additional Facts, with the exception of Additional Facts 4, 5, and 15, each of Plaintiff's Additional Facts should be rejected for failure to comply with the Court's Local Rules, misstating the record evidence, or a myriad of evidentiary reasons. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [ ] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments and conjecture"). Regardless, even with the additional facts, Plaintiff presents no record evidence that defeats summary judgment here, where it is uncontested that Social Wellness **never** discussed faxing, Social Wellness made an independent decision to engage in faxing without Darden's knowledge, authorization, or control, and Darden was completely unaware of any such faxing until the instant litigation.

**II.     UNDER THE BINDING PRECEDENT OF *BRIDGEVIEW*, SOCIAL WELLNESS WAS NOT DARDEN'S AGENT IN TRANSMITTING THE FAX**

Aware that the Seventh Circuit's decisions in *Bridgeview* and *Paldo Sign and Display Co. v. Wagener Equities,* 825 F.3d 793 (7th Cir. 2016) are both binding and dispositive, Plaintiff requests that the Court ignore both decisions and look to sister circuits for guidance. This Court neither can nor should. Under *Bridgeview*, ratified by *Wagener*, Darden cannot be liable where a rogue party: (1) takes a company logo from the internet; (2) creates a flyer neither shared with nor seen by the company; (3) uses a medium (faxing) never discussed with the company; and (4) distributes the flyer to a group of people undisclosed to the company.

**A.  *Bridgeview* is Controlling and Mandates Summary Judgment in Darden's Favor**

As explained in Darden's opening Memorandum of Law (DE #67, 9-14), the Seventh Circuit's recent decision in *Bridgeview*, which requires the application of traditional agency rules in the present case, is binding and dispositive. In an effort to avoid this controlling authority, Helping Hand argues that the holding in *Bridgeview* is limited only to faxes sent prior to August 2006 and should not be applied here. (DE #85, 8-11). Plaintiff's argument should be rejected for at least three cogent reasons:

**First**, nothing within *Bridgeview* itself supports such a limited reading of its holding. The *Bridgeview* Court made no mention of any distinction between faxes sent prior to or after August 2006. Nor did the *Bridgeview* Court in anyway limit its holding to faxes sent prior to August 2006. Instead, the Seventh Circuit clearly announced the standard to be applied here:

> In applying the regulatory definition of a fax sender, we hold that agency rules are properly applied to determine whether an action is done "on behalf" of a principal. There are three types of agency: (1) express actual authority; (2) implied actual authority; and (3) apparent authority.

*Bridgeview*, 816 F.3d at 938 (internal citations omitted).

**Second**, approximately three months after its decision in *Bridgeview*, the Seventh Circuit upheld *Bridgeview* and confirmed that standard agency rules apply to faxes sent **after** August 2006 in *Wagener*. The faxes at issue in *Wagener* were sent in November 2006. 825 F.3d at 796-97. The Seventh Circuit in *Wagener* described *Bridgeview* at length and ultimately held that a jury instruction given was "consistent with the analysis [the Seventh Circuit] applied in [*Bridgeview*]." *Id.* at 797. Put another way, the Seventh Circuit confirmed that traditional agency rules apply regardless of when the fax was sent. *Id.*

**Third**, the Seventh Circuit, in *Wagener*, considered and rejected the identical arguments that Helping Hand (who has the same counsel as the plaintiff in *Wagener*) asserts here. Like the present case, in *Wagener*, the plaintiff argued that a common law agency analysis should not be used and that "the court's use of an agency analysis conflicts with cases from other circuits."[4] 825 F.3d at 797. The *Wagener* Court rejected the plaintiff's arguments, holding "[the plaintiff] gives us no reason to doubt the holding of [*Bridgeview*]." *Id.* at 798. *Bridgeview* is thus controlling and traditional agency rules mandate summary judgment in Darden's favor.

**B. Darden Did Not Grant Social Wellness Express Actual Authority**

Helping Hand contends, without argument or explanation, that there are triable issues as to whether Social Wellness had actual authority to send faxes on Darden's behalf. (DE #85, 3). There are not. For express actual authority, Darden must have directly spoken or written to Social Wellness telling it to fax the flyer at issue. *Bridgeview,* 816 F.3d at 939. Here, it is uncontested that: (1) Jones never discussed faxing with anyone at Darden (DE #83, ¶35);

---

[4] Plaintiff argues at length that *Bridgeview* and *Wagener* should be overruled based on cases from the Sixth and Eleventh Circuits, but concedes "that this Court cannot overrule the opinions of the superior appellate court." (DE #85, 11-13). Darden need not respond to Plaintiff's arguments about opinions and standards from other circuits where there is directly controlling Seventh Circuit precedent that must be applied here.

(2) no one at Darden ever told Jones that Social Wellness could fax anything on behalf of Darden (*id.* at ¶36); and (3) no one at Darden ever wrote Jones that Social Wellness could fax anything on its behalf (*id.* at ¶37). As Plaintiff provides no contrary facts, it is uncontested that Darden did not give Social Wellness express actual authority to fax the flyer at issue.

### C. Darden Did Not Grant Social Wellness Implied Actual Authority

Nor was there was implied actual authority for Social Wellness to fax the flyer at issue on Darden's behalf. Implied actual authority is inherently contained in the agent's position. *Bridgeview,* 816 F.3d at 939. An agent has implied authority to do anything reasonably necessary to effectuate the execution of his express authority. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000). As discussed above, and as detailed in Darden's opening Memorandum of Law (DE #67, 11), Social Wellness lacked express authority to do anything. But, even assuming, *arguendo*, some authority existed, the authority would have been merely to distribute emails,[5] as it is indisputable that Social Wellness never once discussed faxing and Darden never authorized faxing. (DE #83, ¶¶27, 35, 36-37). To demonstrate otherwise, Helping Hand would need to identify record evidence of words or conduct of Darden which reasonably interpreted caused Social Wellness to believe it could send faxes. *Moriarty v. Hitzeman Funeral Home, Ltd.*, No. 98 C 3563, 1999 WL 286077, at *7 (N.D. Ill. Apr. 29, 1999) (granting summary judgment for defendant where no facts demonstrated agency). No such evidence exists in this record, where faxing was never discussed and all discussions were limited exclusively to emailing. (DE #83, ¶¶27, 35).

---

[5] The evidence is clear that Darden never authorized the sending of emails either, but the question of emails is completely irrelevant to the discrete issue presented here. Even if Darden had authorized Social Wellness to send emails – it did not – that fact does not equate to authority to send faxes, as faxing was neither discussed nor approved and there is nothing about sending **emails** that inherently or implicitly calls for the sending of **faxes**. *See Bridgeview,* 816 F.3d at 939 (holding that implied actual authority did not exist even when express authority was given to send faxes within a 20-mile radius because "[n]othing about fax marketing inherently calls for the sending of thousands of advertisements").

Helping Hand misleadingly attempts to characterize the activities of Social Wellness as a general "joint marketing campaign" (DE #85 at 2-3), but points to no actions or words by Darden to support its deceiving characterization. Helping Hand instead **admits** that faxing was never discussed, and the **only medium ever discussed was emails**. (DE #83, ¶¶27, 35). Unlike Helping Hand, Darden need not editorialize and fictionalize Jones' testimony regarding what was specifically discussed between Social Wellness and Darden. Darden instead respectfully presents to the Court Jones' exact testimony, testimony which confirm all discussions were limited to **emails alone**:

> Q: Did you talk about what Social Wellness would like to use to market or --
> A: Yes.
> Q: -- advertise the program?
> A: Specifically, we talked about **e-mail marketing**.

(DE #69, 24:16-17) (emphasis added).

> Q: Did you tell Ken [Bott] how you were going to start marketing?
> A: We spoke exactly about what we said before about **e-mail market** [sic]."

(*Id.* at 43:19-22) (emphasis added).

> Q: How was the testing going to be conducted?
> A: Social Wellness was going to send **e-mails** to a test market, letting the consumer know where the food was going to be bought from.

(*Id.* at 44:15-18) (emphasis added).

> Q: Do you recall in all of your conversations with Ken Bott what you discussed about testing?
> A: We discussed rolling out an **e-mail marketing** campaign.

(*Id.* at 49:23-50:1) (emphasis added).

> Q: -- am I right that I heard very clearly today that you **never discussed fax marketing** with anyone at Darden?
> A: That's correct.

- 7 -

> Q: And the **only marketing** you ever discussed was sending **e-mails** on behalf of Darden; correct?
> A: That's correct.

(*Id.* at 80:20-23) (emphasis added).

This is the actual testimony Jones provided. And this testimony shows that far from Plaintiff's description of some general "joint marketing campaign" where no specific medium of marketing was discussed or contemplated, Jones himself limited the discussion to **emails alone**.

Moreover, for implied actual authority, Helping Hand would also need to introduce record evidence that Darden exerted sufficient control over Social Wellness' actions. *Shroff v. Rosenthal Collins Grp., LLC*, No. 08 C 929, 2009 WL 2704582, at *5 (N.D. Ill. Aug. 25, 2009) (granting summary judgment for the defendants on an issue of agency). Indeed, the cardinal consideration for determining the existence of implied authority is whether the alleged agent retains the right to control the manner of doing the work. *Id.*; *see also* DE #67, 12-14 (setting forth Darden's detailed argument that it lacked any control over Social Wellness whatsoever). Helping Hand offers no response to this; nor could it, as the record evidence clearly demonstrates Darden had no control over Social Wellness. Instead, Social Wellness, without Darden's knowledge, input, or control, went on a rogue course and independently and unilaterally selected: (1) the content of the flyer (consisting of pictures taken from the internet and not shown to or approved by Darden); (2) the recipients of the flyer (complied using Google or by buying "a list off of Craigslist from some lady"); and (3) the medium of transmitting the flyer (faxing when only emailing was discussed). In fact, Darden did not even know that Social Wellness was faxing until it saw the flyer for the first time in the context of this litigation. (DE #83, ¶46). Because Helping Hand makes no response to Darden's argument, it waives its ability to contest that Darden exerted the requisite control over Social Wellness for an agency relationship to exist.

*See Bonner v. O'Toole*, No. 12 CV 981, 2015 WL 1586661, at *15 (N.D. Ill. Apr. 3, 2015) (Shah, J.) (holding in the context of summary judgment that the failure to respond to an argument results in waiver).

Lastly, the authoritative guidance in *Bridgeview* again proves instructive. In *Bridgeview,* the Seventh Circuit found there was no implied actual authority to send faxes outside of a 20-mile radius, even though the alleged principal gave express authorization to send faxes within a 20-mile radius, because "[n]othing about fax marketing inherently calls for the sending of thousands of advertisements." *Bridgeview,* 816 F.3d at 939. So too is the case here. Nothing about the sending of **emails** inherently calls for the sending of **faxes**. Put another way, there is no inherent need to send a fax in order to send an email. Thus, as was the case in *Bridgeview*, even assuming that Darden authorized the sending of emails (which it did not) and that it controlled Social Wellness (which it also did not), it is "impossible to conclude that implied actual authority exists here" where faxing was **never** discussed.[6] *See id.*

### D.  Apparent Authority Remains Inapplicable

Helping Hand's argument for apparent authority fares no better. It is well established that apparent authority must derive from the statement or actions of the alleged principal, **not** the alleged agent. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 778 (N.D. Ill. 2014) (emphasis added). Thus, to establish apparent authority, Helping Hand must submit evidence that **Darden** (the alleged principal), **not Social Wellness** (the alleged agent), communicated

---

[6] Plaintiff further contends that implied actual authority somehow existed because Darden did not expressly tell Social Wellness not to send faxes. (DE #85, 4). Plaintiff's argument is not only unsupported by citation to any authority, it is also absurd considering that it is uncontested that Darden did not even know Social Wellness was alleged to be faxing until the present lawsuit. Simply put, why would Darden instruct Social Wellness not to do something that was never discussed and that Darden had no idea was occurring? *See, e.g., Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-APG, 2015 WL 4477425, at *6 (D. Nev. July 20, 2015) (rejecting plaintiff's "offhand argument" that silence creates authority in the TCPA context).

either directly or indirectly with Helping Hand, or took some action that instilled in Helping Hand a reasonable belief that Social Wellness had authority to act as Darden's agent. *Id.*; *see Thomas v. Taco Bell Corp.,* 582 F. App'x 678, 679 (9th Cir. 2014) (affirming dismissal of a TCPA complaint and holding "[a]pparent authority is inapplicable because it can only be established by proof of something said or done by the [alleged principal] on which [the plaintiff reasonably] relied") (alteration in original). Therefore, Helping Hand must identify record evidence that: (1) it reasonably believed Social Wellness faxed the flyer as Darden's agent; and (2) its belief is traceable to a manifestation of Social Wellness' authority **from Darden**. *See Smith,* 30 F. Supp. 3d at 777-79 (dismissing a TCPA claim based on a theory of apparent authority because the plaintiffs never communicated directly or indirectly with the alleged principals) (emphasis added). No such evidence exists here.

**First**, as to Helping Hand's "reasonable belief," no evidence exists in the record. Rather, Helping Hand makes a passing statement that "[r]ecipients of the faxes did believe that the faxes were sent on behalf of [Darden]." (DE #85, 5). Yet it cites to no record evidence in support of this statement. Failure to do so dooms Plaintiff's reliance on this theory. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 713 (N.D. Ill. 2012) (disregarding factual allegations that were not supported by specific reference to the record). In the end, Helping Hand simply presents no evidence that it reasonably believed Social Wellness faxed the flyer as Darden's agent.

**Second**, even if Helping Hand could show it reasonably believed Darden gave authority to Social Wellness to send the fax on its behalf, Helping Hand points to no evidence that traces such a manifestation back to **Darden** (the alleged principal), as opposed to **Social Wellness** (the alleged agent). And while Social Wellness incorrectly contends that the grant of summary judgment would expand the holding of *Bridgeview*, the possibility of apparent authority was a

much closer call there than here. In *Bridgeview*, the defendant reviewed and approved the fax advertisement; here, Darden never even saw the fax before this litigation, let alone reviewed or approved the content. (DE #83, ¶46). In *Bridgeview*, the defendant approved the medium of advertising to be used – faxing; here, faxing was never even discussed. (*Id.* at ¶¶27, 35-37). And as was the case in *Bridgeview*, the only way Darden could have communicated or acted toward Helping Hand was through the faxed flyer itself. Indeed, Darden had no idea Social Wellness was even faxing, let alone the identity of alleged fax recipients whose numbers Social Wellness obtained from Google or by buying "a list off of Craigslist from some lady." (*Id.* at ¶¶27, 35, 46, 54). Thus, the communication or action to any third-party fax recipient was **not** that of **Darden** (the alleged principal); it was that of **Helping Hand** (the alleged agent), making apparent authority inapplicable. *See* Restatement (Third) of Agency § 2.03 cmt. c (2006) ("An agent's success in misleading the third party as to the existence of actual authority does not itself make the principal accountable"); *see also Makaron v. GE Sec. Mfg., Inc.*, No. CV-14-1274-GW AGRX, 2015 WL 3526253, at *8-*10 (C.D. Cal. May 18, 2015) (granting summary judgment in favor of defendant on a TCPA claim premised on apparent authority because although the alleged principal granted the alleged agent a limited license to use its trade name, the manifestation was between the alleged principal and the alleged agent, not the alleged principal and the plaintiff/third-party); *Kristensen*, 2015 WL 4477425, at *4-*6 (granting summary judgment in favor of the defendants on a TCPA claim premised on apparent authority where the alleged principal (1) hired the alleged agents to generate leads; (2) paid the companies to redirect leads to their websites; and (3) facilitated the transfer of text leads by creating mobile versions of their websites; because such manifestations were between the alleged principal and the alleged agent, and were not visible the third-party plaintiffs). Thus, Helping Hand presents no evidence

that **Darden** communicated with it or acted toward it such that it had reasonable belief that Social Wellness was acting as Darden's agent in transmitting the fax at issue.

Unsurprisingly, Plaintiff offers no applicable case law to support its position that apparent authority exists. Plaintiff first cites *Am. Soc. of Mech. Engineers, Inc. v. Hydrolevel Corp.* (DE #85, 4), which involved agency principles in the context of fraud and utilized an entirely different, and inapplicable, section of the Restatement pertaining to situations where the alleged agent engaged in fraud. 456 U.S. 556 (1982) (quoting Restatement (Second) of Agency § 261 (1957)). The other two cases upon which Plaintiff relies are not only likewise factually inapposite (DE #85, 5), but actually support Darden's position. *See Trustees of Chicago Painters & Decorators Pension, Health & Welfare, & Deferred Sav. Plan Trust Funds v. LaCosta, Inc.*, 397 F.3d 558 (7th Cir. 2005); *Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859 (7th Cir. 1998). First, each involved the unique situation of a collective bargaining agreement wherein the plaintiff must demonstrate a "unequivocal intention to be bound." *LaCosta*, 397 F.3d at 562; *Moriarty*, 155 F.3d at 866. Further, in *LaCosta*, when analyzing the issue of apparent authority, the Seventh Circuit **affirmed** the district court's **grant of summary judgment**. *LaCosta*, 397 F.3d at 563 (citing Restatement (Second) of Agency § 27) (emphasis added). In *Moriarty*, the Seventh Circuit highlighted the same law that proves fatal to Plaintiff's claim here, that "apparent authority is created by the same method as that which creates actual authority, except that the manifestation of the principal is to the third person rather than to the agent." *Moriarty*, 155 F.3d at 866 (citing Restatement (Second) of Agency § 27). As the record evidence here plainly demonstrates that the only manifestation to Helping Hand was from **Social Wellness** (the alleged agent) in transmitting the fax at issue, apparent authority inapplicable.

### III. THE COURT ALREADY CONSIDERED AND DENIED PLAINTIFF'S RULE 56(D) MOTION

Plaintiff's argument that Darden's motion is premature and should be denied because Plaintiff was not permitted to depose Kasha Momot and Roberto Sanchez is nothing more than a recount of its Rule 56(d) motion filed in response to Darden's Motion for Summary Judgment, a motion which Darden opposed (DE #80; DE #81). As the Court already considered Plaintiff's same arguments and denied Plaintiff's motion (DE #82), this is now the law of the case. Under the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case absent a showing that the previous ruling was clearly erroneous. *Coleman Cable Sys., Inc. v. Shell Oil Co.*, No. 92 C 1817, 1996 WL 514982, at *3 (N.D. Ill. Sept. 6, 1996), *aff'd,* 124 F.3d 203 (7th Cir. 1997). Plaintiff merely references its Rule 56(d) motion and makes no showing whatsoever that the Court's previous ruling was clearly erroneous. Accordingly, Darden's Motion for Summary Judgment is not premature and judgment should be entered in Darden's favor.

### CONCLUSION

No reasonable juror could conclude that Social Wellness was acting as Darden's agent in transmitting the facsimile to Helping Hand. The uncontested evidence in the record demonstrates that Social Wellness **never once** discussed faxing with Darden and Darden never approved, either expressly or impliedly, any such faxing – faxing that Darden had no idea was occurring. Nor did Darden communicate with or take any action toward Helping Hand with whom Darden only could have communicated through the unauthorized fax – a fax that was created by Social Wellness alone, that Darden had no idea was being sent, and that Darden did not even see until the instant litigation. The uncontested evidence shows that Social Wellness went on a rogue course of faxing without Darden's knowledge, approval, or control.

Accordingly, summary judgment should be granted in Darden's favor on Count I of Helping Hand's Amended Complaint, the only remaining claim.

WHEREFORE, Darden respectfully requests the Court: (1) enter summary judgment in its favor on Count I of Helping Hand's Amended Complaint; (2) award Darden its fees and costs incurred from the date it filed its Motion for Rule 11 Sanctions (August 19, 2015); and (3) award any further relief this Court deems just and appropriate.

Dated:  October 11, 2016                              DARDEN RESTAURANTS, INC.

                                                      By: /s/Ryan C. Williams
                                                          One of its Attorneys

                                                      Jason Stiehl, Esq.
                                                      Ryan C. Williams, Esq.
                                                      AKERMAN, LLP
                                                      71 South Wacker Drive
                                                      46th Floor
                                                      Chicago, IL  60606
                                                      Telephone:  (312) 634-5700
                                                      Facsimile:   (312) 424-1900
                                                      Email: jason.stiehl@akerman.com
                                                      Email: ryan.williams@akerman.com

**CERTIFICATE OF SERVICE**

Ryan C. Williams, an attorney, certifies that on October 11, 2016, he caused a true and correct copy of the foregoing Defendant Darden Restaurants, Inc.'s Reply in Further Support of Motion for Summary Judgment to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and served by first class mail the following entity and individuals who have not filed an appearance in this case:

Mid Wilshire Consulting, Inc.  
c/o Brian J. Kang  
3550 Wilshire Blvd. 105-60  
Los Angeles, CA 90010

Brian J. Kang  
3550 Wilshire Blvd. 105-60  
Los Angeles, CA 90010

Greg M. Jones  
4110 Cougar Canyon Rd  
Hemet, CA 92545

                                            /s/Ryan C. Williams  
                                            Ryan C. Williams